GARY M. RESTAINO
United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
AZ State Bar No. 022079
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: angela.woolridge@usdoj.gov
Attorneys for Plaintiff

☒ FILED  ☐ LODGED

**DEC 27 2021**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Jose Rodriguez San Miguel,<br><br>　　　　　Defendant. | CR17-1904-003-TUC-CKJ (LCK)<br><br>Plea Agreement |

The United States of America and the defendant, Jose Rodriguez San Miguel, agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Count 30 of the Indictment, charging the defendant with a violation of Title 18, United States Code, Sections 371, 922(a)(6) and 924(a)(2), Conspiracy to Make False Statements in Connection with the Acquisition of Firearms, a felony offense. The defendant also agrees not to contest the Forfeiture Allegation in the Indictment. The government agrees to dismiss Counts 3, 5, 6, 7, and 10 against the defendant at the time of sentencing.

## ELEMENTS OF THE CRIME

The essential elements of Conspiracy to Make False Statements in Connection with the Acquisition of Firearms are that:

///

(A) The defendant agreed with at least one other person to commit the offense of Making False Statements in Connection with the Acquisition of Firearms, as charged in the Indictment; and

(B) The defendant became a member of the conspiracy knowing that its object was to knowingly make material false statements or representations in connection with acquiring firearms from a licensed firearms dealer, in violation of Title 18, United States Code, Section 922(a)(6); and intending to accomplish said object.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

<u>Maximum Penalties</u>: The defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of five (5) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

Immigration consequence: The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

Agreement Regarding Sentencing:

    a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that a sentence of 24 months imprisonment is an appropriate disposition of this case.

The above stipulated sentence is based on the following United States Sentencing Guidelines:

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(7)) | 12 |
| Number of Firearms (§ 2K2.1(b)(1)(B)) | +4 |
| Trafficking in Firearms (§ 2K2.1(b)(5)) | +4 |
| Acceptance (§ 3E1.1(a) and (b)) | -3 |
| Total Adjusted Offense Level | 17 |

    b. The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated sentence.

    c. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

    d. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

    e. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

    f. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the

      defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

g. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

h. This plea agreement is contingent upon the successful guilty plea of co-defendants Jesus De La Cruz Moreno and Edgar Casahonda in this matter, CR17-1904-TUC-RM (LCK). If one or both of the co-defendants do not plead guilty in this case, the government reserves the right to withdraw from this plea agreement.

## AGREEMENT AS TO FORFEITURE

a. The defendant, Jose Rodriguez San Miguel, knowingly and voluntarily agrees to forfeit all right, title and interest in the following items:

- Century Arms International, model AK63DS, 7.62x39mm caliber rifle, serial number AK63DS-FO3195
- Colt, model M4 Carbine, 5.56mm caliber rifle, serial number LE438999
- Century Arms International, model N-PAP DF, 7.62x39mm caliber rifle, serial number NPDF011269
- Colt, model M4 Carbine, 5.56mm caliber rifle, serial number LE561596
- Colt, model M4 Carbine, .223/5.56mm caliber rifle, serial number LE561074
- Century Arms International, model N-PAP, 7.62x39 mm caliber rifle, serial number NPDF010953
- Colt, model M4 Carbine, .223/5.56mm caliber rifle, serial number LE510229
- Century Arms International, model AK63DS, 7.62x39mm caliber rifle, serial number AK63DS-F04552
- Colt, model LE6920, 5.56mm caliber rifle, serial number LE416962
- Colt, model LE6920, 5.56mm caliber rifle, serial number LE413704
- Colt, model M4 Carbine, 5.56mm caliber rifle, serial number LE561836
- Colt, model LE6920, 5.56mm caliber rifle, serial number LE413797
- Colt, model M4 Carbine, .223/5.56mm caliber rifle, serial number LE564127
- Century Arms International, model N-PAP, 7.62x39mm caliber rifle, serial number N-PAP056740
- Colt, model 6920, 5.56mm caliber rifle, serial number LE452151
- Century Arms International, model RAS47, 7.62x39mm caliber rifle, serial number RAS47085010
- Colt, model M4 Carbine, 5.56mm caliber rifle, serial number LE514694
- Century Arms International, model N-PAP M70, 7.62x39mm caliber rifle, serial number NPAP059675
- Century Arms International, model RAS47, 7.62x39mm caliber rifle, serial number RAS47068773
- Century Arms International, model AK-63DS, 7.62x39mm caliber rifle, serial number AK63DSF04400
- Century Arms International, model RAS47, 7.62x39mm caliber pistol, serial number RAS47P001939

b.  The defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the asset listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

c.  The defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d.  The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

e.  The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

f.  The defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset covered by this agreement.

g.  The defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

    a.    All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

    b.    All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

    c.    All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

    d.    All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Waiver of Defenses and Appeal Rights:

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to

collaterally attack the defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)) or a claim by the defendant of ineffective assistance of counsel.

Plea Addendum:

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights:

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial,

the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> From a time unknown to November 6, 2017, in Tucson, Phoenix, Avondale, and elsewhere within Arizona, the defendant, Jose Rodriguez San Miguel and the defendants named in the Indictment conspired together and with other co-conspirators to knowingly make false and fictitious written statements to federally licensed firearms dealers, which statements were intended to deceive the dealers as to facts material to the lawfulness of the sales of the firearms.
>
> On July 12, 2017, in Tucson, the defendant, Jose Rodriguez San Miguel, purchased two firearms from a federally licensed firearms dealer, and represented that he was the actual purchaser of the firearms when in fact he was acquiring the firearms on behalf of co-defendants Casahonda and Nieto Macias. Furthermore, co-defendant Casahonda provided the defendant the funds for the purchase of the firearms, and co-defendant Macias provided the defendant a false bill of sale for the firearms to further conceal the conspiracy.
>
> On July 15, 2017, in Avondale, co-defendant Rubio purchased a firearm from a federally licensed firearms dealer, and in connection with the purchase, he provided a false address to further conceal the conspiracy. The defendant and co-defendant Casahonda were present in the business of the federally licensed firearms dealer at the time co-defendant Rubio purchased the firearm.
>
> Also on July 15, 2017, in Phoenix, the defendant purchased a firearm from a federally licensed firearms dealer, and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of co-defendant Casahonda. Furthermore, co-defendant Casahonda provided the defendant the funds for the purchase of the firearm, gave the defendant directions for the purchase of the firearm, and transported the defendant to the business of the federally licensed firearms dealer to purchase the firearm.
>
> On July 16, 2017, in Avondale, the defendant attempted to purchase a firearm from a federally licensed firearms dealer, and represented that he was the actual purchaser of the firearm. An employee of the federally licensed firearms dealer recognized the defendant as having been present with co-defendants Rubio and Casahonda at the same federally licensed firearms dealer the previous day, when co-defendant Rubio purchased the same type of firearm the defendant was attempting to purchase. Later the same date, in Tucson, the defendant attempted to purchase the same type of firearm from a federally licensed firearms dealer, and represented that he was the actual purchaser of the firearm.
>
> On July 18, 2017, in Tucson, co-defendant Jesus De La Cruz Moreno purchased a firearm from a federally licensed firearms dealer, and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of co-defendant Casahonda. This was the exact firearm the defendant attempted to purchase from the federally licensed firearms dealer in Tucson on July 16, 2017. On the same date, co-defendant Moreno purchased another firearm from another federally licensed firearms dealer in Tucson, and represented that he was the actual purchaser of the firearm when in fact he was also acquiring this firearm on behalf of co-defendant Casahonda. Furthermore, co-defendant Casahonda provided the funds to co-defendant Moreno for the purchases of both firearms, gave co-defendant Moreno directions for the purchases of the firearms, and transported co-defendant

Moreno to the businesses of the federally licensed firearms dealers to purchase the firearms. The defendant was also present during these firearm purchases.

On July 24, 2017, in Tucson, the defendant purchased a firearm from a federally licensed firearms dealer, and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of co-defendants Nieto Macias and Casahonda. Furthermore, co-defendant Nieto Macias provided the defendant the funds for the purchase of the firearm. Co-defendant Casahonda then provided the funds to the defendant, gave the defendant directions for the purchase of the firearm, and transported the defendant to the business of the federally licensed firearms dealer to purchase the firearm. Co-defendant Flores was also present during this firearm purchase. Co-defendant Nieto Macias also provided the defendant a false bill of sale for the firearm to further conceal the conspiracy.

On July 27, 2017, in Arizona, the defendant and co-defendants Casahonda and Moreno were encountered together in a vehicle. It was the intention of the defendant and co-defendants Casahonda and Moreno to purchase additional firearms on July 27, 2017.

12/14/21
Date

Jose Rodriguez San Miguel
Defendant

**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

12/14/2021
Date

Mark Evans, Esq.
Attorney for the defendant

**GOVERNMENT'S APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

ANGELA WOOLRIDGE
Digitally signed by ANGELA WOOLRIDGE
Date: 2021.12.13 10:20:41 -07'00'

_____
Date

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney